REBECCA L. MASTRANGELO, ESQ.
Nevada Bar No. 5417
ROGERS, MASTRANGELO, CARALHO & MITCHELL
700 South Third Street
Las Vegas, Nevada 89101
Telephone:  (702) 383-3400
Facsimile:   (702) 384-1460
rmastrangelo@rmcmlaw.com
*Attorneys for Defendant*
*Otis Elevator Company*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MANSOUR AFSHARALMANCHI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>OTIS ELEVATOR COMPANY; a Foreign Corporation; DOES I through X; and ROE CORPORATIONS I through X, inclusive;<br><br>Defendants. | Case No.   2:24-cv-2178<br><br>**DEFENDANT OTIS ELEVATOR COMPANY'S NOTICE OF REMOVAL** |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Otis Elevator Company ("Defendant"), through undersigned counsel, hereby files this Notice of Removal to effect removal of this civil action from the Eighth Judicial District Court in and for Clark County, Nevada, where it is filed as Case No. A-24-898664-C, to the United States District Court of Nevada in Las Vegas. Removal is warranted under 28 U.S.C. § 1441(b) because this is a diversity action over which the Court has original jurisdiction under 28 U.S.C. § 1332.

In support of this Notice of Removal, Defendant states as follows:

**BACKGROUND**

1.      On or about July 30, 2024, Plaintiff Mansour Afsharalmanchi ("Plaintiff"), filed a

1

Complaint ("Complaint") in the civil action styled as *MANSOUR AFSHARALMANCHI, an individual v. OTIS ELEVATOR COMPANY; a Foreign Corporation; LAS VEGAS SANDS CORP. d/b/a THE PALAZZO a Domestic Corporation; DOES I through XV; and ROE CORPORATIONS I through X, inclusive*, in the Eighth Judicial District Court in and for Clark County, Nevada, Case No. A-24-898664-C ("State Court Action").  *See* Exh. A, Summons and Complaint.  True and correct copies of all processes and pleadings served upon or available to Defendant at the time of this Notice of Removal are attached to the Declaration of Rebecca L. Mastrangelo in support of this Notice of Removal ("Mastrangelo Decl.") as **Exhibits A - O** thereto, and incorporated herein by reference.

2.      On or about August 20, 2024, Plaintiff filed a First Amended Complaint ("Amended Complaint") in the civil action styled as *MANSOUR AFSHARALMANCHI, an individual v. OTIS ELEVATOR COMPANY; a Foreign Corporation; VENETIAN LAS VEGAS GAMING, LLC d/b/a THE PALAZZO LAS VEGAS, a Domestic Corporation; DOES I through XV; and ROE CORPORATIONS I through X, inclusive*, in the State Court Action.  *See* Exh. B, Amended Complaint.

3.      The Amended Complaint sets forth claims for relief as follows: (i) "First Cause of Action" of "Negligence"; (ii) "Second Cause of Action" of "Negligent Hiring, Training, Supervision And/or Retention"; (iii) "Third Cause of Action" of "Negligent Maintenance of Elevator"; and (iv) "Fourth Cause of Action" of "Product Liability".  *See* Exh. B, Amended Complaint, pp. 3-6.

4.      The Amended Complaint alleges that on or around August 3, 2022, at the real property commonly referred to as The Venetian, located at 3325 S Las Vegas Blvd, Las Vegas, NV 89109 (the "Subject Premises"), Plaintiff was in an elevator (the "Subject Elevator") at the Subject Premises "on the 19th floor when the elevator fell 16 floors, causing his injuries."  Exh. B, Amended Complaint, ¶ 7. Plaintiff further contends the dangerous condition was caused as a direct result of the Defendants' failure to design, construct, control, supervise, repair and/or maintain the Property in a reasonable and safe manner. *Id*. at ¶ 8.  Plaintiff also contends Defendants maintained and were in control of the Property and the subject area.  *Id*. at ¶ 9. Plaintiff also contends Defendants had actual notice, actual knowledge, constructive notice, and/or knew or should have known of the dangerous condition. *Id*. at ¶ 10.

5.      Plaintiff contends that the alleged incident resulted in "sustained serious injuries and [he] suffered great pain of body and mind, some of which conditions are permanent and disabling." *Id*. at ¶ 11.

DEFENDANT OTIS ELEVATOR COMPANY'S NOTICE OF REMOVAL

Plaintiff alleges that he "received medical and other treatment for the aforementioned injuries, and that said services, care, and treatment are continuing and shall continue in the future." *Id*. at ¶ 12.  Plaintiff alleges that due to his injuries he has sustained he "has been required to, and has limited, occupational and recreational activities, which have caused, and shall continue to cause, Plaintiff a loss of earning capacity, lost wages, physical impairment, mental anguish, and loss of enjoyment of life, in a presently unascertainable amount."  *Id*. at ¶ 13.

6.      Defendant was served with the Summons and Complaint in the State Court Action on August 9, 2024.  *See* Exh. A, Summons and Complaint.  Defendant was served with the Amended Complaint on August 26, 2024.  *See*, Exh. C, Acceptance of Service. Defendant Venetian Las Vegas Gaming, LLC d/b/a The Palazzo Las Vegas was served with the Summons and Amended Complaint in the State Court Action on August 29, 2024. *See*, Exh. H, Affidavit of Service.

7.      On October 30, 2024, a Stipulation and Order to Dismiss Venetian Las Vegas Gaming, LLC Without Prejudice was filed in the State Court Action.  *See*, Exh. N, Stipulation and Order to Dismiss Venetian Las Vegas Gaming LLC Without Prejudice.  On October 30, 2024, a Notice of Entry and Stipulation and Order to Dismiss Venetian Las Vegas Gaming LLC Without Prejudice was entered in the State Court Action.  *See*, Exh. O, Notice of Entry and Stipulation and Order to Dismiss Venetian Las Vegas Gaming LLC Without Prejudice.

8.      As specifically shown below, there is complete diversity between Plaintiff and Defendant. 28 U.S.C. § 1441; Mastrangelo Decl., ¶ 18.

9.      As specifically shown below, Plaintiff contends an amount in controversy in excess of the sum or value of $75,000.00, exclusive of interest and costs, as required for a removal pursuant to 28 U.S.C. § 1332.  *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018); Exh. I, Plaintiff's Request for Exemption from Arbitration, p. 8.

10.     The Notice of Removal is filed timely. Pursuant to 28 U.S.C. §1446(b)(3), the Notice is filed within thirty (30) days of the dismissal of Venetian Las Vegas Gaming, LLC, upon which Defendant first ascertained that this case is one which has become removable.

**DIVERSITY OF CITIZENSHIP**

11.     Plaintiff is a resident of Nevada.  Exh. B, Amended Complaint, ¶ 1.

12.     A corporation is deemed to be a citizen of the state or states where it is incorporated and maintains "its principal place of business."  28 U.S.C. § 1332(c)(1).

13.     Defendant Otis Elevator is incorporated in New Jersey and has its principal place of business in Connecticut.  Mastrangelo Decl., ¶ 18.  Defendant is therefore a citizen of New Jersey and Connecticut, and not Nevada, for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

14.     The citizenship of a limited liability company is determined by examining the citizenship of each owner/member of the company, such that it is a citizen of every state in which its owners/members are citizens.  *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

15.     Defendants sued under fictitious names are disregarded in determining diversity of citizenship. 28 U.S.C. § 1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690–91 (9th Cir. 1998).

16.     Accordingly, this action involves "citizens of different States." See 28 U.S.C. § 1332(a)(1). As Plaintiff appears to be a citizen of Nevada only, Defendant is a citizen of New Jersey and Connecticut only, with the subject incident alleged by Plaintiff to have occurred exclusively within Nevada, removal of this action is proper under 28 U.S.C. § 1441(b) on the basis of diversity of citizenship.

### THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

17.     Pursuant to 28 U.S.C. § 1332, and upon information and belief, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

18.     Plaintiff alleges that he was in the Subject Elevator at the Subject Premises "on the 19th floor when the elevator fell 16 floors, causing his injuries."  Exh. B, Amended Complaint, ¶ 7.

19.     Plaintiff alleges that as a result of the subject incident, he "sustained serious injuries and suffered great pain of body and mind, some of which conditions are permanent and disabling."  *Id*., Amended Complaint, at ¶ 11.  Plaintiff alleges that he "received medical and other treatment for the aforementioned injuries, and that said services, care, and treatment are continuing and shall continue in the future" and that Plaintiff "has been required to, and has limited, occupational and recreational activities, which have caused, and shall continue to cause, Plaintiff a loss of earning capacity, lost wages, physical impairment, mental anguish, and loss of enjoyment of life, in a presently unascertainable amount."  *Id*., ¶¶ 12-13.

20.     On September 6, 2024, Plaintiff filed a Request for Exemption from Arbitration ("Request

for Exemption") in the state court action. Exh. I, Plaintiff's Request for Exemption from Arbitration.   In Plaintiff's Request for Exemption, Plaintiff asserts damages in the amount of **$147,854.00** for past and future medical expenses. Exh, I, p. 6.

21.     Plaintiff also affirmatively pleads damages for his cause of action for Negligent Hiring, Training, Supervision and/or Retention. Ex. B, Amended Complaint, ¶¶ 25-27.  Plaintiff separately alleges general damages "in an amount in excess of $15,000.00" and special damages "in excess of $15,000.00," with $15,000.00 being the minimum jurisdictional amount for civil matters in the Eighth Judicial District Court.  Under Nevada Rule of Civil Procedure 8, subdivision (a)(4), if a plaintiff "seeks more than $15,000 in monetary damages, the demand for relief may request damages 'in excess of $15,000' without further specification of the amount."

22.     Plaintiff also seeks a separate award of attorneys' fees and costs.  Exh. B, Amended Complaint, ¶¶ 14 and 27.

23.     In his prayer for relief, Plaintiff seeks for each cause of action "general damages sustained in an amount in excess of $15,000.00"; "special damages sustained an amount in excess of $15,000.00"; "property damages sustained including the loss of use"; "[t]he value of the applicable insurance contract"; and "reasonable attorneys' fees and costs of suit;" and "interest at the statutory rate."  Based on the allegations of his Complaint, Plaintiff accordingly prays for aggregate damages which appear to exceed $75,000.00.

24.     Plaintiff's allegations and request for special damages in the amount of **$147,854.00** against Defendant establish that he is seeking damages in excess of the $75,000 amount in controversy required for diversity jurisdiction under 28 U.S.C. § 1332(a).  § 1446(c)(2)(B); *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 962-963 (9th Cir. 2020); *Sanchez v. Monument Life Ins. Co.*, 102 F.3d 398, 403-404 (9th Cir. 1996).

## THE OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED

25.     The prerequisites for removal under 28 U.S.C. § 1441 have been met.

26.     "[A] notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of

the summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1).

27.    Alternatively, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

28.    Thus, there are two 30-day periods for remove: the first thirty-day period for removal in 28 U.S.C. § 1446(b) only applies if the case stated by the initial pleading is removable on its face.    The second thirty-day period applies when the initial pleading does not affirmatively state the grounds for removal and is triggered by a new paper that does so. *See*, *Harris v. Bankers Life Cas. Co.*, 425 F.3d 689 (9th Cir. 2005).

29.    This removal is timely under 28 U.S.C. § 1446(b)(3) as detailed above, and particularly as Defendant is filing this notice within 30 days of October 30, 2024, the date that Venetian Las Vegas Gaming, LLC d/b/a The Palazzo Las Vegas, was dismissed from the state court action, thus creating complete diversity between Plaintiff and Defendant Otis Elevator Company.

30.    The allegations of this Notice of Removal are, upon information and belief, true and correct, and within the jurisdiction of this Court, such that this action is removable to this Court.

31.    The above-captioned Court is the proper District Court for removal because the State Court Actions is pending within the District of Nevada.

32.    If any questions arise as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

33.    If Plaintiff seeks remand under the premise that his injuries do not exceed $75,000.00, Defendant asks that, prior to remand, this Court order Plaintiff to stipulate that he would not seek to recover any judgment against Defendant in this matter in excess of $75,000.00.

. . .

. . .

. . .

WHEREFORE, Defendant desires to remove this case to the United States District Court for the District of Nevada at Las Vegas, being the district and division of said Court for the county in which said action is pending, and prays that the filing of this Notice of Removal shall effect the removal of said suit to this Court.

DATED:  November 21, 2024                    ROGERS, MASTRANGELO, CARALHO & MITCHELL


By:/s/ *Rebecca L. Mastrangelo*
_____
Rebecca L. Mastrangelo, Esq.
Nevada Bar No. 5417
700 S. Third Street
Las Vegas, Nevada 89101
*Attorney for Defendant*
*Otis Elevator Company*

## CERTIFICATE OF SERVICE

I certify that on this 21st day of November, 2024, the foregoing **DEFENDANT OTIS ELEVATOR COMPANY'S NOTICE OF REMOVAL** was filed via the Court's CM/ECF system, which generated a notice of electronic filing with links to true and correct copies of the foregoing document for service, and further that this document and all attachments were transmitted via U.S. Mail and email upon the following counsel of record:

Sam Ryan Heidari, Esq.
HEIDARI LAW GROUP, PC
611 S. 6th Street
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*

/s/: *Kathy Vigil*
An Employee of Rogers, Mastrangelo, Carvalho & Mitchell

DEFENDANT OTIS ELEVATOR COMPANY'S NOTICE OF REMOVAL