MICHAEL M. EDWARDS, ESQ.
Nevada Bar No. 6281
DAVID P. PRITCHETT, ESQ.
Nevada Bar No. 10959
**FREEMAN MATHIS & GARY, LLP**
770 E. Warm Springs Rd., Ste. 360
Las Vegas, Nevada 89119
Telephone: (725) 258-7360
Facsimile: (833) 336-2131
Michael.Edwards@fmglaw.com
David.Pritchett@fmglaw.com
*Attorneys for VICI Properties LP / The Palazzo*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MANSOUR AFSHARALMANCHI, an individual;<br><br>　　　　　Plaintiff,<br>vs.<br>OTIS ELEVATOR COMPANY, a Foreign Corporation; DOES I through X; and ROE CORPORATIONS I through X, inclusive;<br><br>　　　　　Defendants. | Case No.: 2:24-cv-02178-JAD-EJY<br><br>**[PROPOSED] STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

Pursuant to the Stipulation contained herein by and among counsel for Mansour Afsharalmanchi, an individual ("Plaintiff"); and Otis Elevator Company, a Foreign Corporation; Does I through X; and Roe Corporations I through X, inclusive (collectively, "Defendants"; Plaintiffs and Defendants collectively, the "Parties"), and for good cause, the Court HEREBY FINDS AS FOLLOWS:

1. PURPOSE AND SCOPE OF PROTECTION

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Protective Order"). This Protective Order shall govern documents, records and/or information produced in the above titled action pursuant to the terms set forth herein.

The Parties acknowledge that this Protective Order does not confer blanket protections on

all disclosures or responses to discovery, or any categories of information not specifically addressed herein, and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles and designated "confidential" as described herein. The Parties further acknowledge, as set forth further below, that this Protective Order does not entitle them to file confidential information under seal or otherwise change Federal or Local Rules, procedures, or standards to be applied when a Party seeks permission from the Court to file material under seal.

2. <u>DEFINITIONS</u>

   a. "Information" shall mean confidential or proprietary technical, scientific, financial, business, health, or medical information designated as such by the producing party, as well as records, documents, and/or information relating to person's medical treatment, the use of which is subject to Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), as amended.

   b. "Party" (or "Parties") shall mean one party (or all parties) in this litigation and their in-house and outside counsel. "Producing Party" shall mean any person or entity who provides, serves, discloses, files, or produces any documents or information. "Receiving Party" shall mean any person or entity who receives any such documents or information.

   c. "Qualified Recipient" shall mean:

   i.   Any Party to this action, or an officer, director, or employee of a Party or of a Party's affiliate;

   ii.  Counsel of record for any Party to this action, including other members of counsel's law firm and any other counsel associated to assist in the preparation or trial of this case;

   iii. Paralegal, stenographic, clerical and secretarial personnel employed by counsel of record for any Party to the case;

   iv.  Stenographic, video or audio court reporters engaged to record depositions in this litigation, and certified interpreters and/or translators for those depositions;

    v.    Any person identified on the document itself as having created, sent, received or otherwise already reviewed the document;

    vi.    The United States District Court, District of Nevada, or any other court to which this matter may be transfer (the "Court"), so long as the party seeking to file a confidential document under seal complies with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and the Court's electronic filing procedures set forth in Local Rule IA 10-5;

    vii.    Any non-party mutually engaged by the Parties or appointed by the Court for purposes of acting as a neutral arbitrator or mediator in any alternative dispute resolution procedures in which the Parties may participate;

    viii.    In-House counsel for a Party to this action who are acting in legal capacity and who are actively engaged in the conduct of this action, and the secretary and paralegal assistants of such counsel to the extent reasonably necessary;

    ix.    The insurer of a Party to litigation and employees of such insurer to the extent reasonably necessary to assist the Party's counsel to afford the insurer an opportunity to investigate and evaluate the claim for purposes of determining coverage and for settlement purposes;

    x.    In the event of an appeal, the United States Court of Appeals (the "Appellate Court") and/or the United States Supreme Court (the "Supreme Court"), so long as that document is filed under seal; and

    xi.    Any other person by written agreement among all Parties, or by Order of the Court.

3. MANNER AND TIMING OF DESIGNATIONS

    a.    Documents, records, and/or other information produced or furnished during the course of this action shall be designated as containing confidential Information by the Producing Party placing on each page of each document, record, or other thing (whether in paper or electronic form) as follows: CONFIDENTIAL. Video and audio recordings do not require a watermark and may be designated as CONFIDENTIAL within the index of the disclosure itself when such recordings are served or sent.

    b.  A Party may designate Information disclosed at a deposition as CONFIDENTIAL by requesting the reporter to so designate the transcripts at the time of the deposition on the record. A Party's failure to designate testimony CONFIDENTIAL at the time of deposition shall not constitute the Party's waiver of its right to correct its failure prior to a date ten business days after the Party's receipt of the transcript, in which case all Receiving Parties shall honor the late designation as it would an inadvertent disclosure, as outlined herein.

    c.  A Producing Party shall designate its discovery responses, responses to requests for admission, briefs, memoranda and all other papers as containing CONFIDENTIAL Information when such papers are served or sent.

    d.  The Parties shall not designate any Information as CONFIDENTIAL that are not entitled to such designation or which are generally available to the public. Where applicable, the Parties shall designate only that part of a document or deposition that is confidential, rather than the entire document or deposition.

4. <u>INADVERTENT FAILURE TO DESIGNATE</u>

The inadvertent production of any confidential Information without it being properly marked or otherwise designated shall not be deemed to waive any claim of confidentiality with respect to such Information. If a Producing Party, through inadvertence, produces any confidential Information without marking or designating it as such in accordance with the provisions of this Protective Order, including deposition testimony, the Producing Party may, promptly on discovery, furnish a substitute copy properly marked along with written notice to all Parties (or written notice alone as to non-documentary information) that such Information is deemed CONFIDENTIAL and should be treated as such in accordance with the provisions of this Protective Order. Each receiving person must treat such Information as CONFIDENTIAL in accordance with the notice from the date such notice is received. Disclosure of such confidential Information prior to the receipt of such notice shall not be deemed a violation of this Protective Order. However, a Receiving Party who has disclosed such confidential Information prior to the receipt of such notice shall take steps to cure such disclosure by requesting return of the original document or substituting it with the

- 4 -

properly marked one.

5. ACCESS TO AND USE OF CONFIDENTIAL INFORMATION

Information that has been designated CONFIDENTIAL may only be disclosed to Qualified Recipients. All Qualified Recipients shall hold such Information received from the Producing Party in strict confidence, shall use the Information only for purposes of this action and for no other action, shall not use it for any business or other commercial purpose, and shall not disclose it to any person, except as hereafter provided. All Information that has been designated CONFIDENTIAL must be carefully maintained so as to preclude access by persons who are not qualified to receive such Information under the terms of this Protective Order. The obligation to treat all Information designated as CONFIDENTIAL in accordance with the terms of this Protective Order and not to disclose such CONFIDENTIAL Information shall survive any settlement or other termination of this litigation.

6. CERTIFICATION FOR EXPERTS AND OTHER NON-QUALIFIED RECIPIENTS

This Protective Order, signed by each Party's legal counsel, shall encompass the agreement of all Qualified Recipients associated with each Party to maintain confidentiality of the Information that has been designated CONFIDENTIAL. However, with respect to non-Qualified Recipients, including outside experts, consultants, or other persons who have been retained by a Party for purposes of this litigation, to become entitled to access CONFIDENTIAL Information, the expert or other person must be provided with a copy of this Protective Order and must sign a certification in the form attached as **Exhibit A** hereto, acknowledging that he/she has carefully and completely read, understands, and agrees to be bound by this Protective Order.

Prior to disclosure of CONFIDENTIAL Information to non-Qualified Recipients *other than experts, consultants, and their staff who have been retained for purposes of this litigation*, the Receiving Party must provide written notice to the Producing Party of an intent to disclose specified CONFIDENTIAL Information. If the Producing Party does not provide a written objection to the disclosure within five (5) business day of the delivery of the notification, upon execution of the Certification, the CONFIDENTIAL Information may be produced to the non-retained third party.

7. CHALLENGE TO DESIGNATION

a. Any Receiving Party may challenge a Producing Party's designation of Information as CONFIDENTIAL at any time. A failure of any Party to promptly challenge a claim of confidentiality or any document designation shall not constitute a waiver of the right to assert at any subsequent time that the same is not in-fact confidential or not an appropriate designation for any reason.

b. A Party may object to the designation of particular Information as CONFIDENTIAL by giving written notice to the party designating the disputed Information as CONFIDENTIAL. The written notice shall identify the specific Information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the Information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed Information should be subject to the terms of this Protective Order. If such a motion is filed within fourteen (14) business days after the date the parties fail to resolve the objection, the disputed Information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed Information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the Information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed Information to be treated as CONFIDENTIAL.

c. While protected by this Protective Order, any Information designated CONFIDENTIAL shall be held in strict confidence by each person to whom it is disclosed; shall be used solely for the purposes of this Litigation; and shall not be used for any other purpose, including, without limitation, use in any other lawsuit.

d. Documents and Information previously produced by the Parties may be designated "CONFIDENTIAL" within 30 days after the date of this Protective Order.

8. USE OF PROTECTED INFORMATION

   a. In the event that any Party's briefs, motions, memoranda, discovery requests, requests for admission, or other papers of any kind which are served or filed shall include another party's CONFIDENTIAL Information, the papers and any CONFIDENTIAL Information attached thereto, if applicable, shall be appropriately designated as CONFIDENTIAL and shall be treated accordingly.

   b. All documents including attorney notes, abstracts, which contain another party's CONFIDENTIAL Information shall be handled as if they were designated as CONFIDENTIAL.

   c. This Protective Order shall not be construed to prevent any Party from making use of or disclosing Information that was lawfully obtained by a Party independent of discovery in this litigation, whether or not such material is also obtained through discovery in this litigation, or from using or disclosing its own CONFIDENTIAL Information as it deems appropriate.

   d. Nothing herein shall affect the right of the designating party to disclose to its officers, directors, employees, attorneys, consultants or experts, or to any other person, its own Information. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other Parties or their attorneys to disclose such Information in violation of it, unless by such disclosure of the designating party the Information becomes public knowledge.

9. FILING PROTECTED MATERIAL

   a. The Parties shall comply with the requirements of Local Rule 10-5(b) and the Ninth Circuit's decision in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) with respect to any documents filed under seal in this matter.

   b. A party seeking to file any Protected Material with the Court must file a currently-filed motion for leave to file those documents under seal and obtain a Court order as to the specific Protected Material being requested to be sealed, pursuant to Local Rule IA 10-5.

- 7 -

    c. If the sole ground for a motion to seal is that the opposing party or a non-party has designated a document as subject to the protections of this Stipulated Protective Order, the movant must notify the Designating Party at least seven (7) days prior to filing the designated document or Protected Material. To the extent the Designating Party does not believe the relevant standard for sealing can be met, it shall indicate that the document may be filed publicly no later than five (5) business days after receiving notice of the intended filing. Alternatively, if the Designating Party and movant can agree on redactions such that the designated document will still meet the evidentiary purpose of the underlying motion while protecting the confidential Information contained therein, then no motion to seal will be deemed necessary. However, if no such agreement can be reached, to the extent the Designating Party believes the relevant standard for sealing can be met, it shall provide a declaration supporting that assertion no later than five (5) days after receiving notice of the intended filing. The filing party shall then attach that declaration to its motion to seal the designated material. If the Designating Party fails to provide such a declaration in support of the motion to seal, the filing party shall file a motion to seal so indicating and the Court may order the document filed in the public record.[1]

10. RIGHT TO ASSERT OTHER OBJECTIONS

Nothing in this Protective Order shall be construed as an admission or agreement that any specific information is or is not confidential, subject to discovery, production, relevant, or admissible in evidence in any future proceeding. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

---

[1] In the event of an emergency motion, the above procedures shall not apply. Instead, the movant shall file a motion to seal and the Designating Party shall file a declaration in support of that motion to seal within three (3) days of its filing. If the Designating Party fails to timely file such a declaration, the Court may order the document filed in the public record.

- 8 -

11. PRODUCTION BY THIRD PARTIES PURSUANT TO SUBPOENA

Any third-party producing documents or things or giving testimony in this action pursuant to a subpoena, notice, or request may designate documents, things, or testimony as containing confidential Information. The parties agree that they will treat Information produced by third parties as CONFIDENTIAL according to the terms of this Protective Order.

12. JURISDICTION TO ENFORCE THE PROTECTIVE ORDER

After the termination of this action, the Judge in this action will continue to have jurisdiction to enforce this Protective Order.

13. MODIFICATION OF THE PROTECTIVE ORDER

Nothing in this Protective Order abridges the right of any Party to seek its modification by the Court at any time, by stipulation or for good cause.

**IT IS SO STIPULATED.**

| | |
|---|---|
| DATED this 13th day of March, 2025. | DATED this 13th day of March, 2025. |
| HEIDARI LAW GROUP, PC | ROGERS, MASTRANGELO, CARVALHO & MITCHELL |
| */s/ Sam Ryan Heidari* | */s/ Rebecca L. Mastrangelo* |
| Sam Ryan Heidari, Esq.<br>Nevada Bar No. 13347<br>611 S. 6th Street<br>Las Vegas, NV 89101<br>*Attorney for Plaintiff Mansour Afsharalmanchi* | Rebecca L. Mastrangelo, Esq.<br>Nevada Bar No. 5417<br>700 South Third Street<br>Las Vegas, Nevada 89101<br><br>and<br><br>TUCKER ELLIS LLP |
| DATED this 13th day of March, 2025. | Su-Lyn Combs, Esq.<br>Pro Hac Vice |
| FREEMAN MATHIS & GARY, LLP | Tucker Ellis LLP<br>515 South Flower Street, 42nd Floor |
| */s/ Michael Edwards* | Los Angeles, California 90071 |
| Michael Edwards, Esq.<br>Nevada Bar No. 6281<br>David P. Pritchett, Esq.<br>Nevada Bar No. 10959<br>770 E. Warm Springs Rd., Ste. 360<br>Las Vegas, Nevada 89119<br>*Attorneys for VICI Properties LP / The Palazzo* | Vasudhsiri T. Sathienmars, Esq.<br>Pro Hac Vice<br>Tucker Ellis LLP<br>201 Mission Street, Suite 2310<br>San Francisco, California 94105<br><br>*Attorneys for Defendant Otis Elevator Company* |

## ORDER

**IT IS SO ORDERED**; provided, however, that any inadvertent disclosure of attorney client privileged communication will be governed by FRE 502 and it progeny.

_____
U.S. MAGISTRATE JUDGE

**DATED**: March 14, 2025.